7/30/18

**FILED**
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA, FLORIDA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

CASE NO.   5:18-cv-393-oc-30PRL

DEXTER ALLEN,

     Plaintiff,

v.

**COMPLAINT AND TRIAL BY JURY
DEMAND**

TRUEACCORD CORP. AND
LVNV FUNDING, LLC,

     Defendants.

_____/

### NATURE OF ACTION

1.    Plaintiff Dexter Allen ("Plaintiff") brings this action against Defendants TrueAccord Corp. ("TrueAccord") and LVNV Funding, LLC ("LVNV") (collectively, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION, VENUE, AND STANDING

2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendants that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were

1

previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992));
*Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill.
July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting
laws and procedures for redressing these injuries are inadequate to protect consumers.'"
(quoting 15 U.S.C. § 1692(b)).

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the
acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff
resides in this district, and where Defendants transact business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5.      Congress enacted the FDCPA to "eliminate abusive debt collection practices,
to ensure that debt collectors who abstain from such practices are not competitively
disadvantaged, and to promote consistent state action to protect consumers." *Jerman v.
Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. §
1692(e)).

6.      The FDCPA is described as a strict liability statute which "typically subjects
debt collectors to liability even when violations are not knowing or intentional." *Owen v. I.C.
Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).

7.      "A single violation of the Act is sufficient to subject a debt collector to liability
under the Act." *Lewis v. Marinosci Law Grp., P.C.*, No. 13-61676-CIV, 2013 WL 5789183,
at *2 (S.D. Fla. Oct. 29, 2013).

8.    The Eleventh Circuit applies the "least sophisticated consumer" standard to determine whether a debt collector's communication violates the FDCPA. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985).

9.    This objective standard does not consider "whether the particular plaintiff-consumer was deceived or misled; instead, the question is 'whether the 'least sophisticated consumer' would have been deceived' by the debt collector's conduct." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014) (quoting *Jeter*, 760 F.2d at 1177 n.11)).

## PARTIES

10.    Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Marion, and City of Ocala.

11.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12.    TrueAccord is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13.    TrueAccord is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14.    LVNV is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged, by use of the mails and telephone, in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

15.    LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16.    Plaintiff is a natural person allegedly obligated to pay a debt.

17.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal Credit One Bank account (the "Debt").

18.     TrueAccord uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

19.     TrueAccord regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20.     LVNV uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

21.     LVNV purchases defaulted debts from creditors, which it then, either directly or through third parties, seeks to collect from the consumer for its own profit.

22.     The principal purpose of LVNV's business is debt collection.

23.     LVNV has no other substantial business purpose except to purchase debt and profit from collected debts.

24.     LVNV acquired Plaintiff's Debt after it was alleged to be in default.

25.     At all relevant times, TrueAccord acted on behalf of LVNV to collect or attempt to collect the Debt from Plaintiff.

26.     Between January and March, 2018, Defendant sent numerous email communications in effort to collect the Debt from Plaintiff.

27.     However, each of the communications were sent to an email address belonging to Plaintiff's mother, Stephanie Folsom.

28.     Plaintiff is not a minor.

29.     Plaintiff has never given Defendant permission to communicate directly with Ms. Folsom regarding the Debt.

30.     Upon information and belief, Defendant does not have the express permission of a court of competent jurisdiction to communicate with Ms. Folsom regarding the Debt.

31.     Defendant's communications with Ms. Folsom were not reasonably necessary to effectuate a post-judgment judicial remedy.

32.     Defendant's communications to Ms. Folsom disclosed that Plaintiff owed a Debt.

33.     Defendant's disclosure to Ms. Folsom of Plaintiff's private affairs caused him embarrassment and undue distress.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692b

34.     Plaintiff repeats and re-alleges the factual allegations contained above in ¶¶ 16-28, and 32-33.

35.     TrueAccord violated 15 U.S.C. § 1692b by disclosing that Plaintiff owed a debt to a third party, and by disclosing its identity to a third party without such information being expressly requested, in connection with an attempt to collect an alleged debt from Plaintiff.

36.     LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of TrueAccord—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692b;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692c(b)**
**TrueAccord**

37.     Plaintiff repeats and re-alleges the factual allegations contained above in ¶¶ 16-33.

38.     Section 1692c(b) provides that "[e]xcept as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b).

39.     "[A] review of section 1692c(b), in connection with the entire statutory scheme, indicates that Congress intended to broadly regulate contact between debt collectors and third parties. . . . Because a narrow interpretation of section 1692c(b) would render other portions

of the statute 'superfluous', the court concludes that section 1692c(b) should be broadly interpreted to prohibit a debt collector, in connection with the collection of any debt, from conveying any information relating to a debt to a third party . . . ." *West v. Nationwide Credit*, 998 F. Supp. 742, 644-45 (W.D.N.C. Mar. 9, 1998).

40.    TrueAccord violated 15 U.S.C. § 1692c(b) by communicating with a third party other than in the manner prescribed by 15 U.S.C. § 1692b, without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy.

41.    LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of TrueAccord—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated 15 U.S.C. § 1692c(b);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00 per Defendant;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

42.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 24, 2018.

Respectfully submitted,

/s/ Alex D. Weisberg
Alex D. Weisberg
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorneys for Plaintiff
5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206